IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN POACHES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAMARON, et al. | : | NO. 14-5856 |

ORDER

AND NOW, this 14th day of April, 2015, upon consideration of petitioner Stephen Poaches's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1), our October 23, 2014 Order referring this matter to the Honorable Henry S. Perkin for a Report and Recommendation, Judge Perkin's February 18, 2015 Report and Recommendation (docket entry #10), petitioner's pro se "Traverse in Response to Commonwealth's Answer to Writ of Habeas" (docket entry #13), and petitioner's pro se objections to the Report and Recommendation (docket entry #14), and the Court finding that:

(a) In his February 18, 2015 Report and Recommendation ("R&R"), Judge Perkin recommends that we deny petitioner's Section 2254 habeas petition without an evidentiary hearing and decline to issue a certificate of appealability because the petition is time-barred, R&R at 1, 9;

(b) Local Civil Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

(c) On February 25, 2015, petitioner mailed a document designated "Traverse in Response to Commonwealth's Answer to Writ of Habeas," which was received on March 4, 2015 and docketed on March 6, 2015, see Traverse;

(d) As of March 4, 2015, which was the deadline for the petitioner to submit his objections, the Clerk of Court reported that no objections to the R&R had been filed, see March 4, 2015 Notice;

(e) But on March 13, 2015, the Clerk of Court docketed petitioner's pro se objections to the R&R, which was dated March 8, 2015 and postmarked March 11, 2014, see Objections at unnumbered page 3;

(f) Petitioner included with his objections the envelope in which he received the R&R and Clerk of Court's Notice, indicating that the letter was not postmarked until February 25, 2015, or one week after Judge Perkin issued his R&R, see Objections Ex. A;

(g) We will therefore consider petitioner's objections timely filed;

(h) We make a de novo determination of those portions of the report or specified proposed findings or recommendations to which petitioner objects, see 28 U.S.C. § 636;

(i) We briefly rehearse the factual and procedural history of petitioner's case, as drawn from the R&R, which comprehensively cited to the state court record;

(j) After a bench trial, petitioner was convicted of first degree murder as a result of strangling his victim, who was pregnant at the time with a child the petitioner fathered, see R&R at 1 (citing Commonwealth v. Poaches, 988 A.2d 727 (Pa. Super. Ct. 2009) (unpublished memorandum at 1-2), appeal denied, 996 A.2d 491 (2010));

  (k) On October 17, 2006, petitioner was sentenced to two concurrent terms of life imprisonment, and since he did not file a direct appeal, his judgment of sentence became final on November 16, 2006, id. at 2;

  (l) On May 2, 2007, petitioner filed a pro se petition for collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., id.;

  (m) Petitioner was appointed counsel, who filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), and on February 1, 2008, the PCRA Court notified petitioner of its intent to dismiss his petition pursuant to Pa. R. Crim. P. 907, id.;

  (n) Petitioner filed a response to the PCRA Court's Rule 907 notice, seeking to add another claim to his petition, but on March 7, 2008, the PCRA Court formally dismissed the petition as frivolous after denying his request because he had failed to submit the required documentation to support the substance of the new claim, id.;

  (o) Petitioner appealed to the Pennsylvania Superior Court, and on September 22, 2009, the Superior Court vacated the PCRA Court's dismissal of the petition and remanded, see Commonwealth v. Poaches, 988 A.2d 727 (Pa. Super. Ct. 2009), after finding that the PCRA Court should have permitted petitioner to add his claim and then allowed him to later submit documentation, id.;

  (p) On remand, petitioner received new appointed counsel, who again filed a no-merit letter pursuant to Finley on April 15, 2011, R&R at 3;

3

  (q)  The PCRA Court found appointed counsel's investigation insufficient and appointed new counsel who, after a more thorough investigation, agreed that the claim lacked merit and filed his own Finley letter, id.;

  (r)  The PCRA Court, upon its own review, agreed with counsel and sent a notice of intent to dismiss pursuant to Rule 907, id.;

  (s)  The PCRA Court denied and dismissed the PCRA petition as meritless and permitted counsel to withdraw representation, id.;

  (t)  Petitioner filed a timely pro se appeal in the Pennsylvania Superior Court, and on November 18, 2013, the Superior Court affirmed the PCRA Court in an unpublished memorandum opinion, see Commonwealth v. Poaches, 91 A.3d 1287 (Pa. Super. Ct. 2013) (table);

  (u)  Petitioner did not seek review in the Pennsylvania Supreme Court by the filing deadline of December 18, 2013, but after his filing deadline, petitioner filed a nunc pro tunc allocator petition seeking permission to file a petition for allowance of appeal, which the Pennsylvania Supreme Court denied, R&R at 3;

  (v)  On October 7, 2014 petitioner signed his pro se petition for writ of habeas corpus, and the Clerk of Court docketed it on October 14, 2014, see Petition;

  (w)  On December 31, 2014, petitioner filed a "Motion for Permission to File An Addendum to the Writ of Habeas Corpus," see Pet. Motion;

  (x)  In its response, the District Attorney for the County of Philadelphia argues that the petition is time-barred, as even with statutory tolling to account for petitioner's PCRA proceedings, petitioner filed his petition ninety-five (95) days late, Response at 7;

4

(y)   In his Traverse, petitioner claims that he did not seek review in the Pennsylvania Supreme Court but instead filed a nunc pro tunc allocator petition because he only learned of the Pennsylvania Superior Court's decision with one and a half weeks' time to seek review, and therefore claims he "suffered an Administrative breakdown due to the delay of service of the courts [sic] decision," Traverse at page 3, ¶ 7;

(z)   Petitioner also objects to several portions of the R&R, specifically that: (1) it does not consider petitioner's Traverse, Objections at ¶ 4, (2) page 3 does not note petitioner's belief that he had until the Pennsylvania Supreme Court's determination of his nunc pro tunc allocator petition to proceed, id. at ¶ 5, (3) page 5 states that without statutory or equitable tolling, his habeas petition would have been filed seven years late, id. at ¶ 6, (4) page 7 states that petitioner's deadline to file his habeas petition was July 4, 2013, id. at ¶ 7, and (5) contrary to page 7, petitioner exercised reasonable diligence and demonstrated extraordinary circumstances, as indicated in petitioner's Traverse, id. at ¶ 8;

(aa)   We are to construe pro se litigants' pleadings liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976);

(bb)   We consider the petitioner's five specific objections in turn;

(cc)   First, petitioner objects to the R&R's failure to consider his Traverse, Objections at ¶ 4;

(dd)   On February 17, 2015, the District Attorney for the County of Philadelphia responded to the instant petition, after having received a sixty-day extension in which to respond;

(ee)   The next day, Judge Perkin issued his R&R, see R&R at 1;

    (ff)  After filing his Traverse, petitioner also filed his Objections to the R&R, and we consider <u>de novo</u> the portions of the R&R to which petitioner objected;

    (gg)  Petitioner's Traverse contests to the respondent's arguments regarding statutory tolling, Traverse at ¶ 4, argues for the application of equitable tolling, <u>id.</u> at ¶ 5, and explains why he filed a <u>nunc pro tunc allocator</u> petition instead of seeking review in the Pennsylvania Supreme Court, <u>id.</u> at ¶ 7;

    (hh)  Petitioner's Traverse raises the same concerns as his Objections, and our <u>de novo</u> review of those portions of the R&R to which he objected cures any error from failing to consider the Traverse;

    (ii)  Petitioner's first objection is therefore overruled;

    (jj)  Second, petitioner objects that page 3 of the R&R does not note petitioner's belief that he had until the Pennsylvania Supreme Court ruled on his <u>nunc pro tunc allocator</u> petition to proceed, Objections at ¶ 5;

    (kk)  Petitioner avers in his Traverse and Objections that he filed a <u>nunc pro tunc allocator</u> petition because the Pennsylvania Superior Court failed to notify him in a timely fashion of its decision to affirm the PCRA Court's decision, Traverse at page 3, ¶ 7;

    (ll)  Specifically, petitioner avers that he only learned that of the Pennsylvania Superior Court's decision after he contacted the court via letter to request a docket sheet showing the status of his appeal, and by the time he learned of the decision, he only had one and a half weeks in which to respond, <u>id.</u>;

    (mm)  Petitioner also avers that he believed that he had until the Pennsylvania Supreme Court ruled on his <u>nunc pro tunc allocator</u> petition to proceed, which we take to mean he believed that the statute of limitations continued to be tolled during that time;

(nn)   Petitioner cites to Cramer v. Secretary of Pa. Dep't of Corrs., 424 F. App'x 103 (3d Cir. 2011) (non-precedential) in support of his argument that he was diligent in pursuing his rights by filing a nunc pro tunc allocator petition;

(oo)   In Cramer, our Court of Appeals, in a non-precedential opinion, remanded petitioner Cramer's case to the district court for a factual determination of whether Cramer was entitled to equitable tolling, reasoning that he might have been so entitled because he diligently pursued his rights by seeking leave to file nunc pro tunc after the extraordinary circumstance of court error prevented timely filing, 424 F. App'x at 106;

(pp)   We construe petitioner's objection, in light of this citation, to be that the R&R did not recommend that he be given the benefit of equitable tolling, and so we consider that issue de novo;

(qq)   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, governs petitioner's case, and pursuant to 28 U.S.C. § 2244, petitioner -- as a person in custody pursuant to a state court judgment -- had a strict one-year period of limitation in which to file a habeas petition;

(rr)   Section 2244(d)(1)(A) determines the applicable starting point for when petitioner's one-year period of limitation began to run, and in petitioner's case it began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

(ss)   Section 2244(d)(2) provides for statutory tolling of the period of limitation for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending;"

7

(tt)     AEDPA's time limits are also subject to the doctrine of equitable tolling, Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003);

(uu)     Petitioner's judgment became final on November 16, 2006, and so by AEDPA's terms petitioner had until November 16, 2007 to file his habeas petition;

(vv)     Petitioner filed his pro se PCRA petition on May 2, 2007, one hundred sixty-seven (167) days after his judgment of sentence became final, at which point the period of limitation tolled while his PCRA litigation proceeded;

(ww)     Petitioner's PCRA litigation concluded on December 18, 2013 when his time to appeal to the Pennsylvania Supreme Court ended, at which point the period of limitation began to run again;

(xx)     Petitioner's nunc pro tunc allocator petition to the Pennsylvania Supreme Court did not toll the one-year period of limitation, as our Court of Appeals has determined, pursuant to Pennsylvania law, that nunc pro tunc allocator petitions are not "properly filed" under AEDPA and therefore do not toll the statute of limitation, Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004);

(yy)     Petitioner therefore had one hundred ninety-eight (198) days remaining in his period of limitation in which to file a habeas petition;

(zz)     Petitioner filed his habeas petition on October 7, 2014, two hundred ninety-three (293) days later, which was ninety-five days after his one-year period of limitation ended;

(aaa)     Petitioner's habeas petition, filed outside of the one-year period of limitation -- taking into account statutory tolling -- was therefore untimely filed;

(bbb)   Petitioner avers that he did not request review in the Pennsylvania Supreme Court because he only learned about the November 18, 2013 decision after sending an inquiry via letter as to the status of his appeal, and petitioner only had ten or eleven days left before the December 18, 2013 deadline in which to request review;

(ccc)   Petitioner filed his nunc pro tunc allocator petition on March 3, 2014, almost three months after he says he learned about the Pennsylvania Superior Court's decision, see Misc. Docket Sheet, Docket No. 29 EM 2014, accessed via https://ujsportal.pacourts.us;

(ddd)   After the Pennsylvania Supreme Court denied petitioner's nunc pro tunc allocator petition on May 29, 2014, see Misc. Docket Sheet, Docket No. 29 EM 2014, petitioner signed his habeas petition on October 7, 2014, just over four months later, see Petition;

(eee)   The limitation period is equitably tolled only when the principles of equity would make its rigid application unfair, Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006), and courts must be sparing in their use of equitable tolling, Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (discussing equitable tolling in the context of filing suit after receiving a right-to-sue letter from the EEOC);

(fff)   To receive the benefit of equitable tolling, petitioner must show that he has been in some extraordinary way prevented from asserting his rights and that he exercised reasonable diligence in investigating and bringing his claims, Merritt, 326 F.3d at 168;

(ggg)   Mere excusable neglect will not suffice, Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998), and our Court of Appeals has determined that equitable tolling is permitted only if the petitioner (1) was actively mislead by respondent, (2) was prevented in some extraordinary way from asserting his rights, or (3) timely asserted his

rights mistakenly in the wrong forum, Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001);

       (hhh)   In non-capital cases, attorney error, miscalculation, inadequate research, and other mistakes are not considered extraordinary circumstances, id.;

       (iii)   Indeed, because "death is different," whether a petitioner has been sentenced to death may be a "dispositive" factor in determining he is entitled to equitable tolling, see Merritt, 326 F.3d at 169-70 (explaining that the lower bar for equitable tolling in capital cases does not apply in non-capital cases, as even the "grave penalty" of life without the possibility of parole does not raise the same concerns as a capital case);

       (jjj)   Petitioner has not alleged that he was actively mislead by the respondent in this case, nor does petitioner allege that he asserted his rights mistakenly in the wrong forum, but rather that he mistakenly thought he could or should wait until the Pennsylvania Supreme Court ruled on his nunc pro tunc allocator petition before filing his federal habeas petition;

       (kkk)   Petitioner is therefore only entitled to equitable tolling if he can show that he was prevented in some extraordinary way from asserting his rights and that he exercised reasonable diligence in vindicating his rights;

       (lll)   While petitioner has exercised reasonable diligence in vindicating his rights, the circumstances he alleges do not constitute an extraordinary impediment to asserting his rights, but rather the usual, if unfortunate, difficulties faced by all incarcerated pro se petitioners attempting to navigate the complex federal and state schema for collaterally attacking convictions;

(mmm) Further, petitioner's mistaken belief that his nunc pro tunc allocator petition tolled the statute of limitations is the type of mistake or miscalculation that does not justify equitable tolling in a non-capital case;

(nnn) Petitioner has therefore failed to demonstrate any extraordinary circumstance entitling him to equitable tolling;[1]

(ooo) Petitioner's second objection is therefore overruled;

(ppp) Third, petitioner objects that page 5 of the R&R states that without statutory or equitable tolling, his habeas petition would have been filed seven years late, Objections at ¶ 6;

(qqq) As explained above, petitioner's time to file a habeas petition was statutorily tolled during his PCRA proceedings, but absent such tolling, his time to file a habeas petition would have expired one year after his conviction became final;

(rrr) The seven years that elapsed between then and petitioner filing his habeas petition was not held against him to bar his petition as untimely filed, but rather the R&R only calculated the elapsed time before and after the PCRA proceedings were pending;

(sss) Petitioner's third objection is therefore overruled;

(ttt) Fourth, petitioner objects that page 7 of the R&R states that petitioner's deadline to file his habeas petition was July 4, 2013, Objections at ¶ 7;

(uuu) This objection duplicates petitioner's prior objections that he is entitled to equitable tolling and that the R&R failed to address his Traverse;

---

[1] Further, petitioner's explanation does not concern any unconstitutional impediment under 28 U.S.C. § 2244(d)(1)(B), as it does not constitute an allegation that State action created an impediment to filing his habeas petition, but rather an allegation that he did not have very much time in which to notify the Pennsylvania Supreme Court of his intent to appeal the Pennsylvania Superior Court's decision.

(vvv)   For the reasons articulated above, petitioner's fourth objection is overruled;

(www)  And fifth, petitioner objects that contrary to page 7 of the R&R, he exercised reasonable diligence and demonstrated extraordinary circumstances, as indicated in petitioner's Traverse, Objections at ¶ 8;

(xxx)   Specifically, petitioner objects that the R&R failed to consider his arguments regarding Cramer and equitable tolling, and that he did not receive the R&R until after the deadline to file objections had passed;

(yyy)   As we have in our de novo review considered petitioner's arguments pursuant to Cramer regarding equitable tolling, his Traverse, and his Objections, petitioner's fifth objection is overruled;

(zzz)   As we have overruled all of petitioner's objections, we will approve and adopt the portion of Judge Perkin's R&R recommending that we deny petitioner's habeas petition;

(aaaa)  Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition…is issued, the district court judge will make a determination as to whether a certificate of appealability should issue;"

(bbbb) Such a certificate should only issue if the petitioner demonstrates that reasonable jurists could debate whether the petition states a valid claim for a denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000);

(cccc)  While petitioner's averred reason for failing to timely file his habeas petition -- namely, that he thought he had until the Pennsylvania Supreme Court ruled on his

nunc pro tunc allocator petition to file his habeas petition -- does not state a valid claim for a denial of a constitutional right, reasonable jurists[2] could debate whether petitioner's delayed notification regarding the status of his Pennsylvania Superior Court appeal, precipitating this cascade of delays, constitutes an extraordinary circumstance entitling him to equitable tolling; and

> (dddd) We will therefore issue a certificate of appealability.

It is hereby ORDERED that:

1. Petitioner's objections (docket entry #14) are OVERRULED;

2. Judge Perkin's report and recommendation (docket entry #12) is APPROVED and ADOPTED IN PART;

3. Petitioner's motion to file an addendum (docket entry #8) is DENIED;

4. Petitioner's habeas petition (docket entry #1) is DISMISSED WITH PREJUDICE and without an evidentiary hearing;

5. Because reasonable jurists could debate whether the petition states a valid claim for a denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), we will ISSUE a certificate of appealability; and

6. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.

---

[2] Our Court of Appeals' decision in Cramer, 424 F. App'x 103 (3d Cir. 2011) (non-precedential), demonstrates the reasonableness of the disagreement.